**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOMAS CUSHMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FORTRESS BIOTECH, INC., LINDSAY A. ROSENWALD, and ROBYN M. HUNTER, <br><br> Defendants. | Case No. 1:20-cv-05767-KAM-RLM |

**SRIKANTH SARAVANAN'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF LEAD COUNSEL</u>**

Srikanth Saravanan ("Saravanan") submits this memorandum of law in opposition to the motion of Yasser Abed and Evay Avbenake (the "Abed/Avbenake Group") for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 11).

## I.    INTRODUCTION

Saravanan and the Abed/Avbenake Group filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* Dkt. Nos. 8, 11.

With respect to the lead plaintiff determination, the question presently before the Court is which of these two movants is the "most adequate plaintiff"—*i.e.*, the movant or movant group "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure (hereinafter "Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted the inquiry continues to the movant with the next largest financial interest until a suitable lead plaintiff is identified.

Here, the Abed/Avbenake Group claims to have a larger financial interest than Saravanan. However, the Abed/Avbenake Group is ineligible for appointment as lead plaintiff because it is a group of unrelated individuals, cobbled together by their counsel for purposes of achieving lead plaintiff (and lead counsel) status. Courts routinely reject such motions as being lawyer driven. The same result is warranted here.

1

Moreover, if any member of the Abed/Avbenake Group argues that he should be considered individually for appointment as lead plaintiff, it would only further confirm the artificial nature of the group. Any individual willing to initially sign on to such an ill-conceived group and then abandon the group once it becomes inconvenient should be considered inadequate to represent the class. Regardless, since Abed and Avbenake did not move for appointment individually, they are not entitled to consideration outside the group.

Saravanan is the *bona fide* movant with the largest financial interest in the relief sought by the class and satisfies the typicality and adequacy requirements of Rule 23. As such, Saravanan is the presumptively most adequate plaintiff. Since there is no basis to rebut this presumption, Saravanan should be appointed as lead plaintiff.

## II.    THE PSLRA-MANDATED PROCEDURE FOR APPOINTING A LEAD PLAINTIFF

The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," *i.e.*, the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the movant that "has either filed the complaint or made a motion," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of

2

adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff. If the presumption is rebutted, the Court should consider the movant with the next largest financial interest and repeat the process until a suitable lead plaintiff is identified. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 396 n.7 (S.D.N.Y. 2008).

## III.   SARAVANAN IS THE *BONA FIDE* MOVANT WITH THE LARGEST FINANCIAL INTEREST

The PSLRA does not specify a means of calculating the "largest financial interest," but most courts have typically considered the four *Lax* factors and put the most emphasis on financial loss. *See Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 270 (S.D.N.Y. 2015) (collecting cases). While the Abed/Avbenake Group claims a larger financial interest than Saravanan, the Abed/Avbenake Group and its individual members are ineligible for appointment as lead plaintiff.  Accordingly, Saravanan has the largest financial interest in the relief sought by the class of the *bona fide* movants. Since Saravanan also filed a timely motion, and satisfies the preliminary requirements of Rule 23, Saravanan is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### A.   The Abed/Avbenake Group Consists of Unrelated Members, Cobbled Together by Their Counsel

The Abed/Avbenake Group is a pairing of unrelated investors, cobbled together "by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel," and "based on this history, [] the members of that 'group' c[an] not be counted on to monitor counsel in a sufficient manner." *In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001). Courts in this Circuit (and out) routinely reject such groups as inadequate. *See Chauhan v. Intercept Pharm.*, No. 21-cv-00036, 2021 WL 235890, at *5 (S.D.N.Y. Jan. 25, 2021) (rejecting a "random assemblage of [two] unlike individuals"); *Cohen v. Luckin Coffee Inc.*, No. 1:20-cv-01293, 2020

WL 3127808, at *4 (S.D.N.Y. June 12, 2020) (declining to appoint a "random assemblage of unlike individuals" that "had no pre-existing relationship" and "did not even know of one another before counsel introduced them"); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 533 (S.D.N.Y. 2015) (declining to appoint a proposed group as lead plaintiff where they "effectively admit[ted] to having no pre-litigation relationship . . . [and] [t]heir only involvement in the litigation thus far appears to have been a single conference call"). In line with this authority, the Abed/Avbenake Group should not be appointed as lead plaintiff.

While the PSLRA permits groups to serve as lead plaintiff, not just any group of unrelated members is permissible. *See Luckin*, 2020 WL 3127808, at *3 (citing *Varghese*, 589 F. Supp. 2d at 392). The group must "proffer an evidentiary showing" that its members "will be able to function cohesively and to effectively manage the litigation apart from their lawyers." *Id.* "Factors that courts have considered when evaluating whether a group's members will function cohesively and separately from their lawyers include evidence of: (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Id.* Here, the factor analysis weighs against appointment of the Abed/Avbenake Group.

Abed and Avbenake "provide no evidence that they had a pre-litigation relationship and every indication is that they did not." *Intercept*, 2021 WL 235890, at *4. Abed and Avbenake do not claim to have known each other prior to this litigation in their Joint Declaration submitted to the Court (Dkt. No. 13-4). Abed is a real estate broker from Ottawa, Canada, and Avbenake is a technical support lead from Denver, Colorado. *Id.* ¶¶ 2-3. Accordingly, the first *Varghese* factor

4

weighs against appointment of the Abed/Avbenake Group. *See Luckin*, 2020 WL 3127808, at *4 (rejecting a group who had "no pre-existing relationship").

Abed and Avbenake's involvement in this litigation so far is limited to some discussion about the case with their counsel, and one conference call with each other. *See* Joint Declaration ¶¶ 4; *Khunt*, 102 F. Supp. 3d at 533 (declining to appoint a proposed group whose "only involvement in the litigation thus far appears to have been a single conference call").[1] Abed and Avbenake state in their Joint Declaration that on the conference call they "discuss[ed] the case" and "approved the filing of a motion on our behalf seeking appointment jointly as Co-Lead Plaintiffs." Joint Declaration ¶ 4. This is the bare minimum expected of any lead plaintiff, and it does not suggest Abed and Avbenake have had significant involvement thus far in the litigation. Moreover, regarding potential disputes between Abed and Avbenake, the Joint Declaration merely states that they "agree to resolve such disagreement by a majority vote, in which each of us possesses a number of votes equal to our losses incurred in connection with our Class Period purchases of Fortress securities." *Id.* ¶ 9. In other words, Avbenake agreed to a dispute resolution mechanism that provides him no real authority as a lead plaintiff. Accordingly, the second *Varghese* factor weighs against appointment of the Abed/Avbenake Group. *See Luckin*, 2020 WL 3127808, at *4 (rejecting a group that submitted a boilerplate joint declaration attesting that the members "discussed both with our counsel and with one another" the bare minimum expected of a lead plaintiff and provided a problematic dispute resolution mechanism).

The Abed/Avbenake Group did not submit a communication plan. Abed and Avbenake state in their Joint Declaration that they "ha[ve] one another's contact information" and that they

---

[1] While it is unclear when exactly Abed and Avbenake held their conference call, their Joint Declaration regarding their conference call was signed the same day as their lead plaintiff filing—indicating that the conference call was held the day their lead plaintiff motion was filed.

will "confer[] with each other and with our counsel regarding litigation strategy and other matters." Joint Declaration ¶¶ 4, 7. This is insufficient. Abed and Avbenake do not provide any explicit plan to communicate with each other apart from counsel. Accordingly, the third *Varghese* factor weighs against appointment of the Abed/Avbenake Group. *See Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 263 (S.D.N.Y. 2019) ("vague discussions of general communication protocols and status reports hashed out over preliminary conference calls" and "boilerplate plans for cooperation" did not establish that a proposed group would work effectively and cohesively as lead plaintiff) (citing *Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191-92 (S.D.N.Y. 2011)); *Intercept*, 2021 WL 235890, at *5 (rejecting "boilerplate language" as insufficient evidence of a robust communication plan).

The Abed/Avbenake Group was formed by its counsel. As discussed above, Abed and Avbenake did not know each other and likely had never spoken to one another before the conference call organized by their counsel. The two group members are represented by two firms: Pomerantz LLP and The Schall Law Firm. *See* Dkt. No. 11 at 3-4. Avbenake but not Abed explicitly claims to be represented by The Schall Law Firm. *See* Joint Declaration ¶ 3. Abed and Avbenake's certifications were signed on October 21, 2020 and January 25, 2021, respectively—indicating that they each separately retained counsel and that their counsel introduced them for purposes of forming a lead plaintiff group. Accordingly, the fifth *Varghese* factor weighs against appointment of the Abed/Avbenake Group. *See Luckin*, 2020 WL 3127808, at *4 ("[T]here is every reason to believe that the members agreed to be assembled by counsel and to ratify counsel's representation of them—rather than that they gathered together and engaged in a truly independent selection of counsel.").

Since the Abed/Avbenake Group is a construction of its counsel, cobbled together to achieve lead plaintiff (and lead counsel) status, the *Varghese* factors weigh against appointment of the group as lead plaintiff.

**B.      Neither Abed nor Avbenake Should Be Appointed Individually as Lead Plaintiff**

No member of the Abed/Avbenake Group moved for individual appointment as lead plaintiff. As such, the Court should not consider the members individually. *See Intercept*, 2021 WL 235890, at *6 (declining to consider group members individually since "[t]he PSLRA requires a purported class member who wishes to be considered for the position of lead plaintiff to make a motion, and to make it within the sixty-day window"); *Jakobsen v. Aphria, Inc.*, No. 18-cv-11376, 2019 WL 1522598, at *4 (S.D.N.Y. Mar. 27, 2019) ("There are no separate motions to appoint any member of the Wan Group as lead plaintiff on an individual basis. As such, this Court does not consider whether each individual member of the Wan Group could be appointed as lead plaintiff."); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 624 n.4 (S.D.N.Y. 2015) (refusing to appoint a group member with the largest loss because it "at no time sought to serve as an individual lead plaintiff").[2]

In fact, any such request to be appointed individually at this late stage would be untimely and only serve to further demonstrate the individuals' inadequacy and would be an independent ground to reject their motion. *See Inovio*, 467 F. Supp. 3d at 280 (holding "[t]he Group's eleventh-hour willingness to discard [a member]" demonstrates that it is not cohesive);

---

[2] *See also Tsirekidze v. Syntax-Brillian Corp.*, No. 07-cv-2204, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) ("The [] Group moved for lead plaintiff as a group and will be evaluated as such."); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) ("the Court declines to . . . consider their individual losses" because "the group members have not requested individual consideration"); *McDermid v. Inovio Pharm., Inc.*, 2020 WL 3288189, at *5 (E.D. Pa. June 18, 2020) ("The Inovio Group 'decided to move together as a group. . . .' That group motion is the one before the Court, and the Court will not retroactively amend it.") (citation omitted).

*Tsirekidze*, 2008 WL 942273, at \*4 ("The willingness to abandon the group only suggests how loosely it was put together.").

*   *   *

Saravanan is the *bona fide* movant with the largest financial interest in the relief sought by the class. Since Saravanan also filed a timely motion and satisfies the requirements of Rule 23, Saravanan is the presumptively most adequate plaintiff.

## IV.   THE PRESUMPTION THAT SARAVANAN IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The presumption that Saravanan is the most adequate plaintiff may be rebutted only upon "proof" that he "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof has been presented. As such, Saravanan should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

## V.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel."). Accordingly, Saravanan's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved.

Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to effectively conduct this litigation. *See* Dkt. No. 10-4 (Glancy Prongay & Murray LLP firm

8

résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Saravanan's selection of counsel, the Court will ensure that the class receives the highest caliber of legal representation. *See Kniffin*, 379 F. Supp. 3d at 266 ("Glancy Prongay & Murray LLP, is competent and experienced. Accordingly, this Court grants Glancy Prongay & Murray LLP's motion to be appointed lead counsel."). Accordingly, Saravanan's selection of lead counsel for the class should be approved.

## VI.   CONCLUSION

For the foregoing reasons, Srikanth Saravanan respectfully requests that the Court grant his motion and enter an Order (1) appointing Saravanan as Lead Plaintiff; (2) approving Saravanan's selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class; (3) denying the competing motion, and (3) granting such other relief as the Court may deem just and proper.

DATED: February 9, 2021

**GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movant Srikanth Saravanan and
Proposed Lead Counsel for the Class*

9

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

10

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 9, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 9, 2021, at New York, New York.


*/s/ Gregory B. Linkh*
Gregory B. Linkh