UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS CUSHMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FORTRESS BIOTECH, INC., LINDSAY A. ROSENWALD, and ROBYN M. HUNTER,<br><br>Defendants. | Case No.  1:20-cv-05767-KAM-RLM |

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF YASSER ABED AND EVAY AVBENAKE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION

Movants Abed[1] and Avbenake respectfully submit this Memorandum of Law in further support of their motion for appointment as Co-Lead Plaintiffs in the Action on behalf of the Class, and approval of their selection of Pomerantz as Lead Counsel for the Class (Dkt. No. 11); and in opposition to the competing motion of Srikanth Saravanan ("Saravanan") (Dkt. No. 8).

## I.      PRELIMINARY STATEMENT

The Action is a putative class action securities fraud lawsuit on behalf of investors in Fortress securities. As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the Action; and who satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

While the PSLRA does not define "financial interest," courts in the Second Circuit, including this Judicial District, recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g.*, *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825, 2007 U.S. Dist. LEXIS 3028, at *16 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *Chahal v. Credit Suisse Grp. AG*, Nos. 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss). Second to loss, courts will also consider retained shares in assessing financial interest. *See*, *e.g.*, *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495 (AT) (BCM), 2016 U.S. Dist. LEXIS 139215, at *11 (S.D.N.Y. Oct. 4, 2016)

---

[1] All capitalized terms herein are defined in the moving brief of Abed and Avbenake, unless otherwise indicated. *See* Dkt. No. 12.

(considering net shares purchased (*i.e.*, retained shares) alongside loss in assessing financial interest).

Here, the movants with the greatest financial interest within the meaning of the PSLRA are Abed and Avbenake, having suffered approximately **$47,730**[2] in losses in connection with their purchases of Fortress securities as a result of the Company's alleged malfeasance.  The table below sets forth the losses of Abed and Avbenake compared to those of Saravanan, the only other competing movant:

| Movant | Loss | Retained Shares |
|---|---|---|
| Abed and Avbenake | $47,730 | 38,650 |
| *Abed* | *$36,977* | *25,100* |
| *Avbenake* | *$10,753* | *13,550* |
| Saravanan | $4,873 | 2,544 |

The losses of Abed and Avbenake are significantly larger than those of Saravanan. Moreover, Abed and Avbenake each individually has a significantly larger loss than Saravanan. Additionally, Abed and Avbenake retained 38,650 shares of Fortress stock at the end of the Class Period and, individually, retained 25,100 and 13,550 shares of Fortress stock at the end of the Class Period, respectively, which, whether viewed together or individually, is significantly more than the 2,544 shares of Fortress stock that Saravanan retained at the end of the Class Period.  As such, by any relevant metric, Abed and Avbenake clearly have the greatest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff.

---

[2] Most courts agree that the preferred method to calculate financial losses requires Class Period sales to be matched to purchases on a last-in, first-out ("LIFO") basis, rather than on a first-in, first-out ("FIFO") basis. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-02 (S.D.N.Y. 2005).  Accordingly, all loss figures discussed herein reflect calculation on a LIFO basis.  The losses of Abed and Avbenake are the same calculated on either a LIFO or FIFO basis.

Abed and Avbenake also satisfy the typicality and adequacy requirements of Rule 23. Abed and Avbenake, like all Class members, purchased Fortress securities at prices artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations or omissions.  These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23.  *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018).  The significant losses of Abed and Avbenake give them "a sufficient interest in the outcome of the case to ensure vigorous advocacy," Abed and Avbenake are aware of no conflict between their interests and those of the putative Class, and in Pomerantz, Abed and Avbenake have retained qualified and experienced class counsel.  *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011).  Abed and Avbenake have further demonstrated their adequacy by submitting a Joint Declaration with their initial motion papers affirming, *inter alia*, their participation in a conference call with one another prior to the filing of their motion, their backgrounds, their investing experience, their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Dkt. No. 13-4.

For the reasons set forth herein, Abed and Avbenake respectfully submit that their motion should be granted in its entirety, and that the competing motion of Saravanan should be denied.

II.    **ARGUMENT**

A.    **Abed and Avbenake Should Be Appointed Co-Lead Plaintiffs**

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise

3

satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must "make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Here, the most adequate class representatives are Abed and Avbenake.

### 1. Abed and Avbenake Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this Judicial District, the Second Circuit, and around the country recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g.*, *Comverse*, 2007 U.S. Dist. LEXIS 3028, at *16 (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *Foley*, 272 F.R.D. at 128 ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *Chahal*, 2018 U.S. Dist. LEXIS 104185, at *12 (equating financial interest with economic loss); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004) (same); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most

4

significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Second to financial loss, courts frequently consider net shares purchased during the class period (*i.e.*, retained shares) as another measure of financial interest. *See, e.g.*, *Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2716 *et al.*, 1997 WL 461036, at *5 (N.D. Ill. 1997) (considering net shares purchased (*i.e.*, retained shares) alongside net loss in assessing financial interest); *Deutsche Bank*, 2016 U.S. Dist. LEXIS 139215, at *11 (same); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008) (same).

Under the foregoing analysis, no movant seeking appointment as lead plaintiff in the Action has alleged a larger financial interest in the litigation than Abed and Avbenake. The following chart summarizes the substantial financial interest of Abed and Avbenake compared to that of the only competing movant:

| Movant | Loss | Retained Shares |
|---|---|---|
| Abed and Avbenake | $47,730 | 38,650 |
| *Abed* | *$36,977* | *25,100* |
| *Avbenake* | *$10,753* | *13,550* |
| Saravanan | $4,873 | 2,544 |

As shown above, the *$47,730* in losses that Abed and Avbenake incurred are significantly larger than Saravanan's loss of $4,873, and each movant individually likewise incurred a larger loss than Saravanan. Additionally, Abed and Avbenake retained 38,650 shares of Fortress stock at the end of the Class Period and, individually, retained 25,100 and 13,550 shares of Fortress stock at the end of the Class Period, respectively, which, whether viewed together or individually, is more than the Saravanan's 2,544 shares of Fortress stock retained at the end of the Class Period. As such, by any relevant metric, Abed and Avbenake clearly have the greatest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead

5

Plaintiff. As such, by any relevant metric, Abed and Avbenake clearly have the greatest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff, whether considered collectively or individually.

**2.      Abed and Avbenake Satisfy the Requirements of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the Class, Abed and Avbenake have also made the requisite *prima facie* showing that they satisfy the typicality and adequacy requirements of Rule 23. *See Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *Kaplan*, 240 F.R.D. at 94. First, the claims of Abed and Avbenake satisfy the typicality requirement of Rule 23(a)(3) because their claims in the Action are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See, e.g.*, *In re Orion Secs. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010). Second, Abed and Avbenake satisfy the adequacy requirement of Rule 23(a)(4) because "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff[s] and the members of the class; and (3) the proposed lead plaintiff[s] ha[ve] a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley*, 272 F.R.D. at 131; *see also Dookeran v. Xunlei Ltd.*, Nos. 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

Abed and Avbenake have further demonstrated their adequacy by submitting a Joint Declaration with their initial motion papers affirming, *inter alia*, their participation in a conference call with one another prior to the filing of their motion, their backgrounds, their investing experience, their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them

6

are prepared to take to cooperatively prosecute this litigation on behalf of the Class.  *See* Dkt. No. 13-4.  Courts routinely consider such declarations as evidence of adequacy in appointing lead plaintiffs.  *See, e.g.*, *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 U.S. Dist. LEXIS 207531, at *17 (E.D.N.Y. Dec. 15, 2017) (appointing group of four investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class"); *Brady v. Top Ships Inc.*, No. 17-CV-4987 (JFB) (SIL), 2018 U.S. Dist. LEXIS 121765, at *20 (E.D.N.Y. July 20, 2018) (appointing group of three investors as lead plaintiff, finding the group "sufficiently demonstrated its members' plans for cooperation and involvement in the litigation for the Court to find this group will best serve the class"); *West Palm Beach Police Pension Fund v. DFC Global Corp.*, No. 13-6731, 2014 U.S. Dist. LEXIS 49595, at *7 (E.D. Pa. Apr. 9, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192, at *11 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

To overcome the strong presumption entitling Abed and Avbenake to appointment as Co-Lead Plaintiffs, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiffs are inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any arguments to the contrary should be flatly rejected.

Finally, as discussed in greater detail below, Abed and Avbenake have further demonstrated their adequacy by selecting Pomerantz—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class.

7

\* \* \* \*

Because Abed and Avbenake have the largest financial interest in the relief sought by the Class and otherwise satisfy Rule 23, they are the presumptive "most adequate" plaintiffs of the Class within the meaning of the PSLRA.

### 3.    The Selection of Counsel of Abed and Avbenake Should Be Approved

The PSLRA vests authority in Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiffs' selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese*, 589 F. Supp. 2d at 398); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (finding Lead Plaintiff "is primarily responsible for selecting lead counsel").

Here, Abed and Avbenake have selected Pomerantz as Lead Counsel for the Class.  As Pomerantz's resume reflects, the firm is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. No. 13-5.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.*  Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has

8

reached a $110 million settlement with the company. *See id.* Thus, the Court may be assured that by approving the selection of counsel of Abed and Avbenake, the Class members will receive the best legal representation available.

### III.    CONCLUSION

For the foregoing reasons, and for the reasons set forth in their moving brief (Dkt. No. 12), Abed and Avbenake respectfully request that the Court grant their motion in its entirety and deny the competing motion of Saravanan.

Dated:  February 9, 2021                             Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano*
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Yasser Abed and Evay Avbenake
and Proposed Lead Counsel for the Class*

THE SCHALL LAW FIRM
Brian Schall*
Rina Restaino*
2049 Century Park East, Suite 2460
Los Angeles, California 90067

Telephone: (424) 303-1964
Facsimile: (877) 590-0482
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Evay Avbenake*

(\**pro hac vice* applications forthcoming)

10