UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS CUSHMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FORTRESS BIOTECH, INC., LINDSAY A. ROSENWALD, and ROBYN M. HUNTER, <br><br> Defendants. | Case No.  1:20-cv-05767-KAM-RLM |

REPLY MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF YASSER ABED AND EVAY AVBENAKE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION

1

Movants Abed[1] and Avbenake respectfully submit this reply Memorandum of Law in further support of their motion for appointment as Co-Lead Plaintiffs and approval of selection of counsel (Dkt. No. 11); and in opposition to the competing motion of Saravanan (Dkt. No. 8).

## I.    PRELIMINARY STATEMENT

The PSLRA instructs the Court to appoint as Lead Plaintiff the movant or group of movants with the greatest financial interest in the outcome of the litigation; and who satisfies the adequacy and typicality requirements of Rule 23.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The movant or movant group who satisfies both of the foregoing statutory criteria is entitled to a strong presumption that it is the "most adequate plaintiff" of the Class—*i.e.*, the Lead Plaintiff—a presumption that can be rebutted only upon "proof" that the presumptive lead plaintiff is inadequate, atypical and/or subject to a unique defense.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Of the competing movants before the Court, only Abed and Avbenake satisfy both of these statutory criteria.  ***First***, having incurred an aggregate loss of ***$47,730*** in connection with their Class Period purchases of Fortress securities, Abed and Avbenake have the largest financial interest in this action of any eligible competing movant.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).  ***Second***, in addition to their significant financial interest, Abed and Avbenake have made the requisite *prima facie* showings of adequacy and typicality within the meaning of the PSLRA.  *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS),

---

[1] All capitalized terms herein are defined in the moving or opposition briefs of Abed and Avbenake, unless otherwise indicated.  *See* Dkt. Nos. 12, 15.

2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011).

Lacking the largest financial interest in this litigation, the only competing movant, Saravanan, can only muster a meritless challenge to Abed and Avbenake's motion, mischaracterizing them as an impermissible investor group and urge denial of their motion on this purported basis. *See* Dkt. No. 14 at 3-7. Saravanan is wrong. The PSLRA expressly permits lead plaintiff groups such as Abed and Avbenake (*see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and the Supreme Court has recently acknowledged their propriety. *See China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups"). Moreover, Saravanan's mischaracterization of Abed and Avbenake's propriety as a group disregards the robust factual showing that Abed and Avbenake have made in their Joint Declaration regarding, *inter alia*, their cohesiveness, their understanding of this litigation, and their readiness to supervise their counsel in fulfilling their obligations to absent class members as Lead Plaintiffs appointed pursuant to the PSLRA. *See* Dkt. No. 13-4.

Accordingly, for the reasons set forth herein and in their moving and opposition briefs, Abed and Avbenake respectfully request that the Court grant their motion in its entirety and deny the competing motion of Saravanan.

## II.   ARGUMENT

### A.   Abed and Avbenake Are an Appropriate Group and the Statutory Presumption in Favor of their Appointment Has Not Been Rebutted

The PSLRA creates a strong presumption that the "most adequate plaintiff"—*i.e.*, the Lead Plaintiff—is the movant or group of movants that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a *prima facie*

showing at this stage that he or she satisfies the adequacy and typicality requirements of Rule 23. *See Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Here, the most adequate class representatives are Abed and Avbenake. As discussed in detail in Abed and Avbenake's opposition brief, Abed and Avbenake have satisfied the requisite financial interest and Rule 23 criteria to secure the presumption that they are the "most adequate plaintiffs" of the Class, and thus the presumptive Lead Plaintiffs in this litigation. *See* Dkt. No. 15.

The presumption in favor of Abed and Avbenake's appointment having been established, Saravanan is left to challenge, without merit, the permissibility of their appointment as co-lead plaintiffs. Yet Abed and Avbenake ***are*** an appropriate Co-Lead Plaintiff group. As the Supreme Court acknowledged in *China Agritech*, "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups." 138 S. Ct. at 1807 n.3. *See also In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 U.S. Dist. LEXIS 207531, at *13 (E.D.N.Y. Dec. 15, 2017) (affirming adequacy of group of four investors to serve as Lead Plaintiff under similar circumstances); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff).

Here, Abed and Avbenake are a small and cohesive partnership of two investors who have made a robust proffer via their Joint Declaration. *See* Dkt. No. 43-4. The Joint Declaration attests, *inter alia*, to the movants' respective backgrounds, including their investment experience (*id.* ¶¶ 2-3); their understanding of the current status of the litigation (*id.* ¶ 4); their awareness of the significance of their motion and understanding of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA (*id.* ¶¶ 4-7); their reasons for seeking appointment as co-lead plaintiffs with one another (*id.* ¶¶ 6-8); their readiness to participate actively in this litigation, including their readiness to supervise counsel (*id.* ¶¶ 6-7); and even a dispute-resolution mechanism in the unlikely event they are unable to reach consensus with respect to a litigation decision (*id.* ¶ 9). Courts in the Second Circuit and elsewhere routinely consider such declarations to demonstrate a group's propriety. *See, e.g.*, *Blue Apron*, 2017 U.S. Dist. LEXIS, at *17 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *Brady v. Top Ships Inc.*, No. 17-CV-4987 (JFB) (SIL), 2018 U.S. Dist. LEXIS 121765, at *20 (E.D.N.Y. July 20, 2018) (appointing group of three investors as lead plaintiff, finding the group "sufficiently demonstrated its members' plans for cooperation and involvement in the litigation for the Court to find this group will best serve the class."); *West Palm Beach Police Pension Fund v. DFC Global Corp.*, No. 13-6731, 2014 U.S. Dist. LEXIS 49595, at *7 (E.D. Pa. Apr. 9, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192, at *11 (D. Vt. Apr. 27, 2012) (finding a joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

4

In the alternative, if the Court is not inclined to appoint two investors to serve as Co-Lead Plaintiffs, rejecting the applications of Abed and Avbenake *in toto* is not the appropriate remedy; rather, the Court should disaggregate their losses and consider each movant individually. *See*, *e.g.*, *Kukkadapu v. Embraer S.A.*, 16 Civ. 6277 (RMB), 2016 U.S. Dist. LEXIS 153452 (S.D.N.Y. Oct. 20, 2016), at \*6 ("consider[ing] the larger shareholder (i.e. loss) of [two movants jointly seeking appointment as lead plaintiff] as if it had moved to be appointed as lead plaintiff alone" and appointing that investor as the sole lead plaintiff for the class); *Rosian v. Magnum Hunter Res. Corp.*, 13 Civ. 2668 (KBF) *et al.*, 2013 U.S. Dist. LEXIS 146236, at \*13 (S.D.N.Y. Oct. 7, 2013) ("disaggregat[ing] the group *sua sponte* and consider[ing] its members as individual contenders for lead plaintiff"); *Beckman v. Ener1, Inc.*, 11 Civ. 5794 (PAC) *et al.*, 2012 U.S. Dist. LEXIS 19972, at \*12 (S.D.N.Y. Feb. 15, 2012) (same); *In re CMED Sec. Litig.*, 11 Civ. 9297 (KBF), 2012 U.S. Dist. LEXIS 47785, at \*8 (S.D.N.Y. Apr. 2, 2012) (same). Here, considered individually, Abed and Avbenake individually each still possesses a significantly larger financial interest than Saravanan, having respectively incurred losses of $36,977 and $10,753, compared to Saravanan's loss of only $4,873. *See* Dkt. No. 15 at 2. Abed and Avbenake also have both made the requisite *prima facie* showings that they satisfy the adequacy and typicality requirements of Rule 23. *See generally* Dkt. Nos. 12, 15.

Puzzlingly, Saravanan's opposition brief disparages Abed and Avbenake's willingness to serve as Lead Plaintiffs either together or separately as "only serv[ing] to further demonstrate [their] inadequacy." Dkt. No. 14 at 7. Not so. In fact, the opposite is true. As their Joint Declaration attests, Abed and Avbenake sought appointment as Co-Lead Plaintiffs because they recognized that they are like-minded investors and believe in the benefits that group leadership would bring to the prosecution of this Action. *See generally* Dkt. No. 13-4. If the Court is not

5

inclined to appoint two Co-Lead Plaintiffs, then Abed and Avbenake are both willing to serve individually.  There is nothing inconsistent about these positions.  Indeed, their readiness to serve as Lead Plaintiffs either together *or* individually only demonstrates the strength of their commitment to pursuing recovery on behalf of the Class.  Saravanan's attempt to recast this proof that Abed and Avbenake are both highly motivated litigants as somehow evidence of their inadequacy is unavailing.

Accordingly, if the Court is inclined to appoint a single investor as Lead Plaintiff rather than a group, then Abed and Avbenake respectfully submit that it should consider both Abed and Avbenake individually first, before turning to Saravanan's motion.

## III.     CONCLUSION

For the foregoing reasons, and for the reasons set forth in their moving and opposition briefs (Dkt. Nos. 12, 15), Abed and Avbenake respectfully request that the Court enter an Order granting their motion in its entirety and denying the competing motion of Saravanan.

Dated:  February 16, 2021                                 Respectfully submitted,

                                                                    POMERANTZ LLP

                                                                    */s/ Jeremy A. Lieberman*
                                                                    Jeremy A. Lieberman
                                                                    J. Alexander Hood II
                                                                    James M. LoPiano
                                                                    600 Third Avenue
                                                                    New York, New York 10016
                                                                    Telephone: (212) 661-1100
                                                                    Facsimile: (212) 661-8665
                                                                    jalieberman@pomlaw.com
                                                                    ahood@pomlaw.com
                                                                    jlopiano@pomlaw.com

                                                                    POMERANTZ LLP
                                                                    Patrick V. Dahlstrom
                                                                    10 South LaSalle Street, Suite 3505
                                                                    Chicago, Illinois 60603

Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Yasser Abed and Evay Avbenake
and Proposed Lead Counsel for the Class*

THE SCHALL LAW FIRM
Brian Schall*
Rina Restaino*
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
Facsimile: (877) 590-0482
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Evay Avbenake*

(*\*pro hac vice* applications forthcoming)