**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOMAS CUSHMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> FORTRESS BIOTECH, INC., LINDSAY A. ROSENWALD, and ROBYN M. HUNTER, <br><br> Defendants. | Case No. 1:20-cv-05767-KAM-RLM |

**SRIKANTH SARAVANAN'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF <u>AND APPROVAL OF LEAD COUNSEL</u>**

Lead Plaintiff Movant Srikanth Saravanan ("Saravanan") respectfully submits this memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 8), and in reply to the opposition filed by the Abed/Avbenake Group (Dkt. No. 15, "Group Opp.").

## I.    INTRODUCTION

While the Abed/Avbenake Group claims to have a larger financial interest than Saravanan, it failed to provide evidence in its motion papers and opposition memorandum that it was not cobbled together by its counsel for the purpose of aggregating Abed and Avbenake's losses to secure a position as lead plaintiff (and lead counsel). Courts throughout the country routinely reject such lawyer-driven groups as inadequate to represent the class, and the same result is warranted here.

Moreover, Abed and Avbenake did not move for individual appointment as lead plaintiff and have not requested to be considered individually in their opposition memorandum. As such, they are not entitled to consideration outside their group. Additionally, any individual willing to initially sign on to an ill-conceived group and then abandon the group once it becomes inconvenient is inadequate to represent the class.

Since the Abed/Avbenake Group is ineligible for appointment as lead plaintiff, Saravanan is the *bona fide* movant with the largest financial interest and is therefore the presumptively most adequate plaintiff. The Abed/Avbenake Group did not contest Saravanan's suitability to represent the class. As such, the presumption that Saravanan is the most adequate plaintiff has not been rebutted. Accordingly, Saravanan should be appointed lead plaintiff, and his selection of counsel should be approved.

1

**II.   SARAVANAN IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF AND THE ONLY MOVANT ELIGIBLE FOR APPOINTMENT AS LEAD PLAINTIFF**

**A.   The Abed/Avbenake Group Is Ineligible for Appointment as Lead Plaintiff**

The Abed/Avbenake Group consists of unrelated members who were cobbled together by their counsel for purposes of aggregating losses and thereby achieving lead plaintiff (and lead counsel) status. Such groups are ineligible for appointment as lead plaintiff because they are inadequate class representatives. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001) (If a group is "created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel, [the court] could well conclude, based on this history, that the members of that 'group' could not be counted on to monitor counsel in a sufficient manner"); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 622 (S.D.N.Y. 2015) ("A plaintiff group will generally be rejected if the court determines that it is simply an artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as lead plaintiff."); *Jakobsen v. Aphria, Inc.*, No. 18-cv-11376, 2019 WL 1522598, at *2 (S.D.N.Y. Mar. 27, 2019) ("[t]he proposed plaintiff group has the burden of showing that aggregation is appropriate" and "[a] proposed plaintiff group cannot be appointed lead plaintiff if it was assembled as makeshift by attorneys to claim the greatest financial interest in the litigation"); *Cohen v. Luckin Coffee Inc.*, No. 20-cv-01293, 2020 WL 3127808, at *4 (S.D.N.Y. June 12, 2020) (similar).

As explained in Saravanan's opposition to the group's lead plaintiff motion, the Abed/Avbenake Group effectively admits in its joint declaration filed with the Court that it is a creation of its counsel. *See* Saravanan Opp. (Dkt. No. 14) at 4-7. Abed and Avbenake have not demonstrated that they have a pre-litigation relationship, and their declaration is a collection of boilerplate assertions which are insufficient to demonstrate their group's adequacy. *See id.*

2

Despite having now had a second opportunity to cure these deficiencies in their opposition memorandum, Abed and Avbenake have failed to provide any evidence indicating they are not a group of unrelated investors cobbled together by their counsel. As such, the Abed/Avbenake Group has failed to demonstrate that it would be an adequate class representative.

Abed and Avbenake claim in their opposition memorandum that they each, individually, have a larger loss than Saravanan—perhaps anticipating that Saravanan would point out that Abed and Avbenake were cobbled together by their counsel to aggregate their losses. *See* Group Opp. at 5. However, this fact is irrelevant. While certain courts have held that a group with the largest individual financial interest can be considered when a single member of that group has a financial interest more significant that a competitor movant's, recent case law has rejected this concept since "at the time they decided to form the group. . . they had no idea who the other movants would be or the size of their losses." *Chauhan v. Intercept Pharm.*, No. 21-cv-00036, 2021 WL 235890, at *5 (S.D.N.Y. Jan. 25, 2021). In other words, the fact that two individuals in a group ultimately have the largest losses does not negate the fact that those individuals were cobbled together by their counsel in the hope of having the largest financial interest. *Id.*

Moreover, all four cases that Abed and Avbenake offer in support of their adequacy are inapposite. *See* Group opp. at 6-7.[1] As an initial matter, the four cases predate *Aphria*, *Intercept*, and *Luckin*, which better represent this Circuit's current disposition with respect to cobbled together groups of unrelated investors. Moreover, all four cases are easily distinguished. The court in *Blue Apron* appointed one group of unrelated investors over a different group of

---

[1] *Citing In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-cv-4846, 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017); *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335 (E.D.N.Y. 2018); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. 13-cv-6731, 2014 WL 1395059 (E.D. Pa. Apr. 10, 2014); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 11-cv-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012).

unrelated investors that both submitted declarations "contain[ing] largely the same boilerplate affirmations of cohesiveness and cooperation." *Blue Apron*, 2017 WL 6403513, at *4. No individual movant in *Blue Apron* challenged the groups' adequacy on the basis that they were cobbled together, so the court did not address the issue. Likewise, in *Top Ships*, one group challenged the adequacy of another group. *See Top Ships*, 324 F. Supp. 3d at 346. The court compared the two groups' adequacy and found "no substantial difference in the proposed lead plaintiff groups' respective evidence of their cohesion." *Id.* at 348. On this basis, the court rejected one the group's attack on the other. *Id.* As in *Blue Apron*, the *Top Ships* court was choosing between two similarly inadequate groups. That is not the issue present here—where an individual movant (whose adequacy is not contested) is challenging the adequacy of a cobbled-together group.

The other two cases on which Abed and Avbenake rely involve groups of institutional investors that directed their groups' formation. In *DFC Global* the court appointed a group of institutional investors composed of two pension funds and two retirement systems who directed their counsel to "seek out like-minded investors and determined, after conferring with each other, to seek joint appointment as Lead Plaintiff." *See DFC Glob.*, 2014 WL 1395059, at *1, *7. In *Green Mountain Coffee Roasters*, the court appointed a group of "institutional investors with significant securities fraud litigation experience" who submitted a declaration "indicating that they, not their lawyers, decided to collaborate." *Green Mountain Coffee Roasters*, 2012 WL 12985571, at *3. Here, two individual non-institutional investors were cobbled together by their counsel, so *DFC Global* and *Green Mountain Coffee Roasters* do not apply.

Accordingly, the Abed/Avbenake Group has failed to demonstrate its adequacy, and its lead plaintiff motion should be denied in its entirety.

**B.      Neither Abed nor Avbenake Should Be Appointed Individually as Lead Plaintiff**

Abed and Avbenake should not be considered individually for appointment as lead plaintiff because they did not file motions requesting to be considered individually. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) (movant must have "made a motion"); *Intercept*, 2021 WL 235890, at \*6 (declining to consider group members individually since "[t]he PSLRA requires a purported class member who wishes to be considered for the position of lead plaintiff to make a motion, and to make it within the sixty-day window"); *see also Aphria*, 2019 WL 1522598, at \*4 (similar); *Petrobras*, 104 F. Supp. 3d at 624 n.4 (similar).

Abed and Avbenake also did not request to be considered individually in their opposition memorandum. Even if they had, such a request would be ineffective because lodging a request in an opposition memorandum falls short of the PSLRA requirement to timely file a motion. If Abed or Avbenake request to be considered individually on reply, that too would be insufficient because it would not qualify as filing a motion. Regardless, any such new argument or request for relief on reply should be rejected. *See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, 398 F. Supp. 2d 244, 250 n.7 (S.D.N.Y. 2005) ("Reply papers are not the proper place for new arguments or requests for relief.") (citation omitted). Additionally, any such request would only serve to demonstrate their inadequacy, and would be separate grounds to reject their motion. *See McDermid v. Inovio Pharm., Inc.*, 467 F. Supp. 3d 270, 280 (E.D. Pa. 2020) (holding "[t]he Group's eleventh-hour willingness to discard [a member]" demonstrates that it is not cohesive); *Tsirekidze v. Syntax-Brillian Corp.*, No. 07-cv-2204, 2008 WL 942273, at \*4 (D. Ariz. Apr. 7, 2008) ("The willingness to abandon the group only suggests how loosely it was put together.").

\*      \*      \*

5

Since Abed and Avbenake are not eligible for appointment as lead plaintiff, Saravanan is the *bona fide* movant with the largest financial interest in the relief sought by the class. Saravanan also filed a timely motion and satisfies the requirements of Rule 23. Accordingly, Saravanan is the presumptively most adequate plaintiff.

## III.   NO MOVANT HAS REBUTTED THE PRESUMPTION THAT SARAVANAN IS THE MOST ADEQUATE PLAINTIFF

The presumption that Saravanan is the most adequate plaintiff can only be rebutted through "proof" by a competing movant that Saravanan "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Abed and Avbenake have not presented any evidence that Saravanan is inadequate. As such, Saravanan should be appointed as lead plaintiff, and no other movant is entitled to further consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

## IV.   CONCLUSION

For the foregoing reasons, Saravanan respectfully requests that the Court enter an order: (1) appointing Saravanan as lead plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

DATED: February 16, 2021                 **GLANCY PRONGAY & MURRAY LLP**

                                         By:  */s/ Gregory B. Linkh*
                                         Gregory B. Linkh (GL-0477)
                                         230 Park Ave., Suite 530
                                         New York, NY 10169
                                         Telephone: (212) 682-5340
                                         Facsimile: (212) 884-0988
                                         Email: glinkh@glancylaw.com

                                         Robert V. Prongay
                                         Charles H. Linehan
                                         1925 Century Park East, Suite 2100
                                         Los Angeles, CA 90067
                                         Telephone: (310) 201-9150
                                         Facsimile: (310) 201-9160

                                         *Counsel for Movant Srikanth Saravanan and*
                                         *Proposed Lead Counsel for the Class*

                                         **LAW OFFICES OF HOWARD G. SMITH**
                                         Howard G. Smith
                                         3070 Bristol Pike, Suite 112
                                         Bensalem, PA 19020
                                         Telephone: (215) 638-4847
                                         Facsimile: (215) 638-4867

                                         *Additional Counsel*

7

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 16, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 16, 2021, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh