UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

THOMAS CUSHMAN, Individually and
on Behalf of All Others Similarly
Situated,

                *Plaintiff*,        **Memorandum and Order**

        v.                       20-CV-5767(KAM)(RLM)

FORTRESS BIOTECH, INC., et al.,

                *Defendants*.

----------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

        On March 24, 2021, Magistrate Judge Roanne L. Mann entered an order in this case appointing Yasser Abed and Evay Avbenake (together, the "AA Group") as lead plaintiffs in this securities class action. (ECF No. 18.) Another member of the putative class, Srikanth Saravanan ("Saravanan"), timely filed objections to Judge Mann's order. (ECF No. 22.) For the reasons that follow, the objections are OVERRULED.

## Background

        The competing plaintiffs in this matter are the AA Group, comprised of two individual putative class members and represented by Pomerantz LLP, and Saravanan, represented by Glancy Prongay & Murray LLP. The putative class alleges that Fortress Biotech, Inc. ("Fortress Biotech"), and two of its executives (collectively with Fortress Biotech, "Defendants"),

1

violated federal securities laws by making false or misleading public statements regarding the safety, and likelihood of FDA approval, of a Fortress Biotech product. (*See* ECF No. 1, Complaint, ¶ 3.) The two members of the AA Group and Saravanan were all investors in Fortress Biotech stock, which lost significant value during the relevant period, allegedly as a result of Defendants' misleading public statements. (*See* ECF No. 9, Memorandum in Support of Motion to Appoint Saravanan Lead Plaintiff, at 4-5; ECF No. 12, Memorandum in Support of Motion to Appoint the AA Group Lead Plaintiffs, at 5-6.) The two members of the AA Group allege losses of $36,977 and $10,753, respectively, based on the decline in the price of Fortress Biotech's stock. (ECF No. 13, Declaration of Jeremy A Lieberman, Ex. A.) Saravanan alleges $4,872.58 in losses. (ECF No. 10, Declaration of Gregory B. Linkh, Ex. C.)

Saravanan and the AA Group both moved for appointment as lead plaintiffs. (ECF No. 8, Saravanan Motion; ECF No. 11, AA Group Motion.) The undersigned referred the motions to Magistrate Judge Mann. (Feb. 3, 2021 ECF Order Referring Motions.) On March 24, 2021, Judge Mann issued a thorough 16-page memorandum and order granting the AA Group's motion, and denying Saravanan's motion. (ECF No. 18, Order.) On April 7, 2021, Saravanan timely filed objections to Judge Mann's order. (ECF No. 22, Objections ("Obj.").)

2

**Legal Standard**

"A district court may refer, without the parties' consent, both non-dispositive and dispositive motions to a magistrate judge for decision or recommendation, respectively." *Marcella v. Cap. Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002). A party may file objections to a non-dispositive order of a magistrate judge's decision within 14 days of being served with the order. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007).

**Discussion**

The Private Securities Litigation Reform Act ("PLSRA") directs that in a securities class action, the court shall appoint the "most adequate plaintiff" to represent the class; that is, the plaintiff "that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PLSRA created a "rebuttable presumption" that the "most adequate plaintiff" is the one who "has either filed the complaint or made a motion," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-

3

4(a)(3)(B)(iii)(I). This presumption can be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Although the AA Group has a larger financial interest than Saravanan, Saravanan argues that the group is not an adequate representative, primarily because its two members had no prior relationship, and were connected by their lawyers for purposes of this litigation. According to Saravanan, the presumption that the AA Group would be the best class representative was rebutted, and as the moving plaintiff with the next largest interest, Saravanan's motion should have been granted. (*See* Obj. at 3.)

The AA Group is composed of two putative class members. Where a motion is filed by multiple plaintiffs seeking to be appointed lead plaintiffs as a group, the "proposed group must proffer an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp.

4

2d 388, 392 (S.D.N.Y. 2008). "Factors that courts have considered when evaluating whether a group's members will function cohesively and separately from their lawyers include evidence of: (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Id.*

Judge Mann found that the AA group was sufficiently cohesive because it consists of only two investors, both of whom agreed to a conflict-resolution mechanism, and both of whom live in the western hemisphere (so that a time difference will not hinder their ability to communicate). (Order at 12-13.) Judge Mann also noted that each of the two members of the AA Group individually have larger financial interests in this litigation than does Saravanan, further bolstering their adequacy as class representatives. (Order at 7-8.)

Saravanan argues that Judge Mann failed to properly apply the factors to address the AA Group's cohesiveness as laid out by Judge Victor Marrero in *Varghese*. At the outset, the court notes that although *Varghese* is highly persuasive, it is a district court decision and is thus not binding on this court. Notwithstanding the helpful factors summarized in *Varghese* by Judge Marrero, the ultimate question for the court is whether

5

the AA Group will be able to manage the litigation and effectively represent the other putative class members. The factors considered by Judge Mann were directly relevant to that question, even if they were not factors listed by Judge Marrero in *Varghese*.

Nothing in Saravanan's objections provides anything more than quibbles with Judge Mann's application of the *Varghese* factors. It is Saravanan's burden to show that Judge Mann's order was "clearly erroneous or is contrary to law," but the objections fail to do so.

*First*, Saravanan argues that the two members of the AA Group had no relationship prior to this litigation. (*See* Obj. at 8.) As Judge Mann pointed out and other courts in this District have found, such a relationship is not required. *See In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 424 (E.D.N.Y. 2018) (Bulsara, M.J.) ("It is not the case that where there are co-lead plaintiffs there must be some pre-existing, pre-litigation relationship between them."). Indeed, a group of diverse investors who did not know each other previously could be in a better position to represent a large and diverse class of investors than one investor would be.

*Second*, Saravanan argues that the AA Group's involvement in this case to date has been "limited to some discussion about the case with their counsel, and one conference

6

call with each other, which were memorialized in a joint declaration." (Obj. at 8.) It is not clear, however, what else Saravanan expects they should have done. This case was filed four and a half months ago and has not yet proceeded to discovery. The members of the AA Group having discussions with their counsel and a conversation with each other is sufficient involvement at this point in order to be able to adequately represent the putative class. *See In re Sequans Commc'ns*, 289 F. Supp. 3d at 424 (finding sufficient cohesion between two investors where they "submitted a Joint Declaration that evidences that they are 'like-minded investors'; ha[d] participated in joint conference calls to discuss litigation strategy; and elect[ed] to have" the same counsel).

*Third*, Saravanan argues that the members of the AA Group do not have a sufficient plan to communicate with each other. (*See* Obj. at 9.) The AA Group consists of only two members and, as Saravanan concedes, they have already had discussions with each other and their counsel. The court does not doubt that, in this era, two people will be able to remain in contact with each other, despite the fact that they may not live near each other.

*Fourth*, Saravanan argues that "the AA Group was formed by its counsel." (*Id.*) However, Saravanan does not provide any reason why this fact hinders the AA Group's ability to

7

adequately represent the putative class. The members of the AA Group have a substantial interest in litigating the putative class's allegations. The two members allege losses of $36,977 and $10,753, respectively, based on the decline in price of Fortress Biotech's stock. (Declaration of Jeremy A Lieberman, Ex. A.) Regardless of whether the two members were connected by a law firm or by chance, they have a significant common stake in the outcome of this case.

In short, this is not a case in which "the aggregation of class members [was] done solely to create an artificially large financial interest." *In re Sequans Commc'ns*, 289 F. Supp. 3d at 425. The two members of the AA Group each individually allege more significant losses than Saravanan, who alleges $4,872.58 in losses. (Declaration of Gregory B. Linkh, Ex. C.) Thus, if the AA Group had never been formed, either of its members likely would have been a suitable lead plaintiff, with a larger financial interest than Saravanan.

Accordingly, under either *de novo* or "clear error" review, the court agrees with Judge Mann's well-reasoned memorandum and order appointing the AA Group as lead plaintiffs. Saravanan's objections are OVERRULED, and Judge Mann's Order (ECF No. 18) is affirmed and adopted in its entirety.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 19, 2021

                                    /s/
                         Hon. Kiyo A. Matsumoto
                         United States District Judge